**IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| RAMISS PROPERTIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| COREVEST AMERICAN FINANCE | ) | |
| LENDER, LLC f/k/a COLONY AMERICAN | ) | _____ |
| FINANCE LENDER, LLC, and | ) | |
| CAF 2016-2 REO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**</u>

COMES NOW the Plaintiff Ramiss Properties, LLC ("Plaintiff"), by his attorneys and

pursuant to O.C.G.A. § 8-11-65, hereby moves this Court for the entry of a Temporary

Restraining Order and, pending a hearing thereon, the entry of a Preliminary Injunction and a

Permanent Injunction against Defendant CoreVest American Finance Lender, LLC, formerly

known as Colony American Finance Lender, LLC ("CoreVest"), and Defendant CAF, 2016-2

REO, LLC ("CAF") (hereinafter collectively referred to as "Defendants"). Defendants gave

notice to Plaintiff that Defendants intend to continue to pursue non-judicial foreclosure of

Plaintiff's properties located at:

> (1) 660 Thomasville Boulevard SE, Atlanta, Fulton County, Georgia 30315;
>
> (2) 1356 Diplomat Drive, Riverdale, Clayton County, Georgia 30296;
>
> (3) 182 Peachtree Drive, Riverdale, Clayton County, Georgia 30274;
>
> (4) 253 Peachtree Drive, Riverdale, Clayton County, Georgia 30274;
>
> (5) 258 Peachtree Drive, Riverdale, Clayton County, Georgia 30274;

(6) 8387 Willows Way, Riverdale, Clayton County, GA 30274;

(7) 8479 Taylor Road, Riverdale, Clayton County, Georgia 30274;

(8) 8821 Dorsey Road, Riverdale, Clayton County, Georgia 30274; and

(9) 9311 Wood Knoll Lane, Jonesboro, Clayton County, Georgia 30238.

Plaintiff would suffer immediate and irreparable harm should the non-judicial foreclosure continue. Additionally, Plaintiff has no other remedy at law. Plaintiff respectfully requests this Court to enjoin the Defendants and issue a Temporary Restraining Order prohibiting the Defendants from conducting a non-judicial foreclosure based upon the sworn facts in the Plaintiff's Verified Complaint pending further hearing of the matter by this Court.

In support of this Application and Motion, Plaintiff offers the following: Memorandum of Points and Authorities in Support of Plaintiff's Application and Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction; and, Plaintiff's Verified Complaint, which is filed contemporaneously herewith and incorporated by reference in this Motion which sets forth the claims and prayers for relief.

**WHEREFORE**, Plaintiff prays that the Court enter a temporary restraining order and preliminary injunction, and a permanent injunction, enjoining Defendants and all others acting in concert with them, from pursuing and otherwise foreclosing upon Plaintiff's properties set out above and further identified in Plaintiff's Verified Complaint.

Respectfully submitted this 29th day of May 2019.

*[signature on the following page]*

STEVENS, STEVENS & OLIVER, LLC

*/s/ Andrew M. Stevens*
Andrew M. Stevens
Georgia Bar No. 680632

4167 Roswell Road
Suite A Floor 1
Atlanta, GA 30342
(770) 393-8900
astevens@lawstevens.com
*Attorney for Plaintiff*

**IN THE SUPERIOR COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| RAMISS PROPERTIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| COREVEST AMERICAN FINANCE | ) | |
| LENDER, LLC f/k/a COLONY AMERICAN | ) | _____ |
| FINANCE LENDER, LLC, and | ) | |
| CAF 2016-2 REO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED PETITION AND**
**MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY**
**INJUNCTION, AND PERMANENT INJUNCTION**

Pursuant to Uniform Superior Court Rule 6.7, comes now Plaintiff Ramiss Properties, LLC ("Plaintiff") who files this Memorandum of Points and Authorities in support of Plaintiff's Verified Petition and Motion for Temporary Restraining Order, Preliminary Injunction, and permanent Injunction. Plaintiff seeks an immediate Temporary Restraining Order to enjoin the Defendants from attempting to non-judicially foreclose upon Plaintiff's properties (hereinafter collectively referred to as the "Ramiss Properties") located at:

(1) 660 Thomasville Boulevard SE, Atlanta, Fulton County, Georgia 30315;

(2) 1356 Diplomat Drive, Riverdale, Clayton County, Georgia 30296;

(3) 182 Peachtree Drive, Riverdale, Clayton County, Georgia 30274;

(4) 253 Peachtree Drive, Riverdale, Clayton County, Georgia 30274;

(5) 258 Peachtree Drive, Riverdale, Clayton County, Georgia 30274;

(6) 8387 Willows Way, Riverdale, Clayton County, GA 30274;

(7) 8479 Taylor Road, Riverdale, Clayton County, Georgia 30274;

(8) 8821 Dorsey Road, Riverdale, Clayton County, Georgia 30274; and

(9) 9311 Wood Knoll Lane, Jonesboro, Clayton County, Georgia 30238.

## JURISDICTION

Defendant CoreVest is a Foreign Limited Liability Company formed under the laws of the State of Delaware and registered to do business in Georgia. CoreVest's registered agent is Corporation Service Company located at 40 Technology Pkwy South, #300, Norcross, Gwinnett County, Georgia, 30092

Defendant CAF is a nonresident Delaware Limited Liability Company. O.C.G.A. § 9-10-90. CAF's registered agent is The Corporation Trust Company located at 1209 Orange St in Wilmington, New Castle, Delaware 19801, where it can be served with process and is subject to the jurisdiction and venue of this Court. O.C.G.A. §§ 9-10-91, 9-10-93.

## STATEMENT OF FACTS

Plaintiff hereby incorporates the factual allegations and claims of the Verified Complaint filed contemporaneously herewith.

### 1.    Standard for Temporary Restraining Order

Pursuant to O.C.G.A. §§ 9-5-1 and 9-5-8, this Court has broad discretion to "restrain . . . any [] act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law." Interests in land are the preeminent example where equitable relief is essential, Benton v. Patel, 257 Ga. 669, 672 (1987) (injunction to stop foreclosure).

"An interlocutory injunction . . . is a temporary remedy designed to preserve or restore the status quo and keep the parties from injuring one another until the court has had a chance to

try the case." Bishop v. Patton, 288 Ga. 600, 604 (2011) (citing Chambers v. Peach County, 268 Ga. 672, 673 (1997)).[1]

> In deciding whether to issue an interlocutory injunction, the trial court should consider whether: (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest. Bishop, 288 Ga. at 604.

However, the movant does not need to prove all four of these factors in order to obtain an interlocutory injunction. See SRB Inv. Servs., LLLP v. Branch Banking & Trust Co., 289 Ga. 1, 5 n.7 (2011). Rather:

> [t]he first factor—substantial threat of irreparable injury if an interlocutory injunction is not entered— is the most important one, given that the main purpose of an interlocutory injunction is to preserve the status quo temporarily to allow the parties and the court time to try the case in an orderly manner. Bishop, at 604-605.

This is especially important for purposes of this litigation, where Plaintiff is under the imminent threat of being wrongfully foreclosed upon and losing all interest, equity, and rental income associated with the Ramiss Properties. Most significantly, Plaintiff's credit will be negatively affected making it much more difficult to obtain funds and nearly impossible to carry on its business.

## 2.    A Temporary Restraining Order Is Authorized and Warranted

Plaintiff requests that the Court grant injunctive relief pursuant to the power granted to this Court in O.C.G.A. § 9-11-65(b). The Georgia Supreme Court has held that a trial court may

---

[1] "A court confronted with a request for an interlocutory injunction often will not have available all the evidence needed to fully and finally adjudicate the parties' claims and defenses. In some instances...the request for an interlocutory injunction comes before formal discovery has even begun." Bishop, 288 Ga. at 604 (citing Parker v. West View Cemetery Assn., 195 Ga. 237, 242-243 (1943)).

grant an interlocutory injunction:

> to maintain the status quo until a final hearing if, by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction. . . . In establishing an equitable balance between the opposing parties, the likelihood of the applicant's ultimate success is not the determinative factor. The possibility that the party obtaining a preliminary injunction may not win on the merits at the trial does not determine the propriety or validity of the trial court's granting the preliminary injunction. R.D. Brown Contractors, Inc. v. Board of Education of Columbia County, 280 Ga. 210, 211 (2006).

Thus, this Court has the specific power and duty to enjoin a wrongful foreclosure to maintain the status quo until it is determined whether the Defendants have the authority to non-judicially foreclose on the Ramiss Properties. See Matrix Financial Services, Inc. v. Dean, 288 Ga.App. 666 (2007); West v. Koufman, 259 Ga. 505 (1989); Morgan v. Ocwen, 795 F.Supp.2d 1370 (2011).

The equities here strongly favor maintaining the status quo while this matter is litigated. Plaintiff imminently faces a wrongful non-judicial foreclosure of the Ramiss Properties and has substantial proof that it is not in fact in default on its payments and it will suffer immediate and irreparably injury if the foreclosure is not enjoined by this Court. Focus Entm't Int'l, Inc. v. Partridge Greene, Inc., 253 Ga. App. 121, 558 S.E.2d 440, 446 (Ga. App. 2001) (holding "Harm to an interest in land is irreparable due to the unique character of the property interest"). The very purpose of an interlocutory injunction is to preserve the status quo pending final adjudication. Plaintiff's verified allegations and supporting evidence also demonstrate a strong likelihood of success on the merits; that is, that the Defendants do not have the contractual right to conduct the non-judicial foreclosure pursuant to the Georgia statutes and do not have legal authority to non-judicially foreclose on the Ramiss Properties because Defendants have breached their statutory duty to exercise fairly and in good faith the power of sale in a deed to secure debt by rejecting and returning Plaintiff's timely payments and publishing a foreclosure sale of the Ramiss

Properties. Plaintiff has made multiple attempts to resolve the issue of the payments rejected Defendants and cure any alleged default. However, Defendants have provided no explanation for the cause of the refused and returned funds and has failed to communicate any change to the method of payment as set forth in the parties' loan agreement. See Verified Complaint, Ex. C § 2.3 Therefore, preliminary injunctive relief is warranted.

**3.      Plaintiff Will Suffer Immediate and Irreparable Harm Without Injunctive Relief**

Plaintiff faces non-judicial foreclosure and will potentially lose all interest, equity, and rental income associated with the Ramiss Properties. This, in turn, will negatively affect Plaintiff's credit making it much more difficult to obtain funds and nearly impossible to carry on its business; thus, Plaintiff will suffer immediate and irreparable injury if foreclosure is not enjoined by this Court. As stated above, the very purpose for granting an interlocutory injunction is to preserve the status quo pending final adjudication. Plaintiff's allegations and the evidence that support those allegations are sufficient to warrant an interlocutory injunction here.

In a recent Northern District of Georgia opinion, Judge Amy Totenberg stated as follows:

> Georgia courts have long recognized that harm to an interest in land is irreparable due to the "unique character of the property interest." Focus Entm't Int'l, Inc. v. Partridge Greene, Inc., 253 Ga. App. 121, 558 S.E.2d 440, 446 (Ga. Ct. App. 2001). The real property interest holds a special place in our legal system as in our society, especially in cases involving the potential loss of that most important, tangible piece of emotional and physical stability - the home.

Stubbs v. Bank of America, NO. 1:11-CV-1367-AT, 2012 U.S. Dist. LEXIS 19846 at 2, (N.D. Ga. February 16, 2012).

The Georgia Supreme Court has likewise found that the loss of a home due to an unlawful foreclosure is exactly the type of irreparable injury which warrants injunctive relief. See Nat'l Life Ins. Co. v Cady, 227 Ga. 475, 476 (1971) ("the mere recovery of damages by plaintiffs . . . would not and could not adequately compensate them for the loss which they will

sustain if said foreclosure proceedings continue and they are evicted and left homeless . . . .").

4.      **Plaintiff Has a Substantial Likelihood of Success on the Merits**

In Georgia, a foreclosing creditor has a duty to exercise fairly the power of sale. O.C.G.A. § 23-2-114; see also DeGolyer v. Green Tree Servicing, LLC, 662 S.E.2d 141, 147 (Ga. App. 2008) ("Where a grantee does not comply with the statutory duty under O.C.G.A. § 23-2-114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure."); Brown v. Freedman, 474 S.E.2d 73, 75 (Ga. App. 1996 ) ("A claim for wrongful exercise of a power of sale under O.C.G.A.§ 23-2-114 can arise when the creditor has no legal right to foreclose.").

Here, Plaintiff alleges that it is not in default and its timely payments have been improperly rejected and returned by Defendant without explanation. Thus, Plaintiff has stated a plausible claim for attempted wrongful foreclosure based on Defendant's failures to exercise the power of sale fairly and in good faith.

Furthermore, Defendant has breached the contract with the Plaintiff by attempting to accelerate the loan and proceed with non-judicial foreclosure although the Plaintiff is not in default. This has further breached Defendant's duty of good faith and fair dealing read into every contract. The damage is obvious, as Plaintiff is forced to file this action incurring attorney's fees and expenses that it would not have otherwise incurred but for the breach of contract by the Defendants.

Lastly, under Georgia law, Plaintiff is entitled to a declaratory judgment stating that it in fact is not in default under the loan and security deed and that the Defendants have wrongfully declared a default, wrongfully sought to exercise the power of sale in the security deed, and have wrongfully attempted non-judicial foreclosure under the security deed. If an injunction is not

granted to halt the non-judicial foreclosure sale, Plaintiff's claims for declaratory judgment may become moot.

### 5.    Injury to Plaintiff Far Outweighs Potential Injury to Defendants

The potential harm to Plaintiff greatly outweighs any potential injury to Defendants. Plaintiff faces foreclosure and loss of the Ramiss Properties if Defendants are allowed to go forward with the wrongful foreclosure. The only potential harm to Defendants is a delay in possessing the Ramiss Properties, which continues to be protected by the Plaintiff's continued timely mortgage payments under the loan as evidenced in Plaintiff's Verified Complaint. If Defendants prevail on the merits, which they will not, they would still have all rights available to a lender under the Security Deed and their harm would be protected by the Security Deed and Plaintiff's continued payments.

### 6.    An Injunction Would Serve the Public Interest

The injunction Plaintiff seeks would serve the public interest. Indisputably, the public has a compelling interest in maintaining real property ownership and ensuring that parties to a contract perform their duties under that contract in good faith and fair dealing. The public interest is especially served considering the percentage of the public that have mortgages on their property with powers of sale almost identical to the Security Deed at issue in this case. Indeed, Georgia's foreclosure statutes have been substantially revised by the legislature in recent years to increase the protections available to the public in the face of demonstrated and widespread abusive foreclosure practices such as those involved in this case. This Court's equity powers must be used to prevent such injurious harm to one who has been or is in danger of being wronged.

7.    **No Bond Should Be Required**

O.C.G.A. § 9-11-65(c) provides that it is within the discretion of the court to decide whether a bond should be required in connection with the granting of injunctive relief. When injunctive relief is issued after notice and hearing, the trial court may issue an injunction without bond. Ebon Found. V. Oatman, 269 Ga. 340, 344 (1998); Central Water Works Supply, Inc. v. Fisher, 240 Ill. App.3d 952, 608 N.E.2d 618, 181 Ill. Dec. 545 (Ill. App. 4 Dist., 1993); Falcon, Ltd. v. Corr's Natural Beverages, Inc., 165 Ill. App.3d 815, 520 N.E.2d 831, 117 Ill. Dec. 480 (Ill. App. 1 Dist., 1987). Requiring a bond here would effectively punish Plaintiff for Defendant's misdoings, so no bond should be required. Additionally, no tender should be required where Plaintiff has alleged lack of entitlement on the part of Defendants to enforce the Note, lack of standing to foreclose, that the Note has already been paid in full, or where Plaintiff has not admitted to being in default. See e.g. Williamson v. Bank of Am., N.A., 2011 U.S. Dist. LEXIS 155582, *11, *12, *13-*14 (N.D.Ga. 2011).

The situation here could not be more like the cases where Courts have determined bond is not required. Plaintiff made payments pursuant to the Loan and has attempted on multiple occasions to resolve the returned payments and cure any alleged default without communication or explanation on the part of Defendant. Plaintiff is contemporaneously seeking permission from this Court to deposit its mortgage payments into the registry of the court as a form of bond to protect Defendants' interests. Therefore, Plaintiff requests that this Court allow Plaintiff to continue to make its monthly mortgage payments and not require a double bond for the injunction requested, as justice allows.

### CONCLUSION

Defendants have failed to follow Georgia law in their non-judicial foreclosure on the

Ramiss Properties and have breached the contract with the Plaintiff in falsely declaring default.

Plaintiff will suffer irreparable harm, and will continue to suffer irreparable harm, in the absence

of judicial intervention to prevent the wrongful foreclosure of the Ramiss Properties by

Defendants. Therefore, Plaintiff respectfully requests that this Court grant this Motion.

Respectfully submitted this 29th day of May 2019.

                                                    **STEVENS, STEVENS & OLIVER, LLC**

                                                    /s/ Andrew M. Stevens
                                                    Andrew M. Stevens
                                                    Georgia Bar No. 680632

4167 Roswell Road
Suite A Floor 1
Atlanta, GA 30342
(770) 393-8900
astevens@lawstevens.com
*Attorney for Plaintiff*