IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RAMISS PROPERTIES LLC,         ) | |
|                                ) | |
|     Plaintiff,                 ) | |
|                                ) | |
|     v.                         ) | Civil Action No. |
|                                ) | |
| COREVEST AMERICAN FINANCE      ) | |
| LENDER, LLC f/k/a COLONY AMERICAN ) | _____ |
| FINANCE LENDER, LLC, and       ) | |
| CAF 2016-2 REO, LLC,           ) | |
|                                ) | |
|     Defendants.                ) | |
| _____) | |

## MOTION FOR INTERPLEADER

COMES NOW Ramiss Properties, LLC ("Plaintiff"), to files its Motion for Interpleader pursuant to O.C.G.A. §§ 9-11-22 and 23-3-90 against Defendant CoreVest American Finance Lender LLC, formerly known as Colony American Finance Lender, LLC ("CoreVest"), and Defendant CAF, 2016-2 REO, LLC ("CAF") and shows the Court as follows:

### Disputed Loan Agreement and Security Deed

1.

Despite making timely payments pursuant to the Security Deed and Loan Agreement, Plaintiff's payments for January and February of 2019 were each returned without explanation or communication.

2.

Plaintiff attempted, albeit unsuccessfully, to discover and resolve the cause of the returned funds and Plaintiff then received a letter dated April 10, 2019 (the "April 2019 Letter") from counsel for "Wilmington Trust, National Association, as Trustee under that certain

Servicing Agreement dated November 15, 2016 for Security holders of Colony American Finance 2016-2 Mortgage-Backed Notes ('Holder')."

3.

Plaintiff had no prior dealing or communication with "Holder" as identified by the April 2019 Letter.

4.

The April 2019 Letter claimed that the alleged holder was the "owner and holder of the Loan and the Loan Documents," that Plaintiff was in default for failing to make the payments for January, February, March, and April 2019, and that Plaintiff had to immediately pay six hundred, sixty-eight thousand, two hundred forty-nine dollars and forty cents ($668,249.40) to the alleged holder.

5.

Plaintiff again attempted unsuccessfully to address and resolve the issue of the returned payments and cure any alleged defect. Plaintiff then received a letter a letter dated May 3, 2019 (the "May 2019 Letter") from counsel for CAF 2016-2 REO, LLC with an attached "Notice of Sale Under Power."

6.

The May 2019 Letter alleged that CAF 2016-2 REO, LLC was the holder of the Loan which contradicted the April 2019 Letter that stated "Wilmington Trust, National Association, as Trustee under that certain Servicing Agreement dated November 15, 2016 for Security holders of Colony American Finance 2016-2 Mortgage-Backed Notes" was the holder and owner of the Loan.

7.

As Plaintiff disputes the validity of the defaults claimed, Plaintiff fears it will be vulnerable to additional claims of default for failing to make timely mortgage payments.

8.

Plaintiff requests that this Court issue an order allowing Plaintiff to deposit $17,578.40 into the registry of the court, the sum of the monthly mortgage payments for January, February, March, April and May of 2019.

9.

Plaintiff also requests the court allow plaintiff to deposit future mortgage payments into the registry of the court until such time as there is a final order in this case. These payments of $3,515.68.00 shall be made on or before the 5th of each month beginning June 5, 2019.

10.

Plaintiff requests that this Court tax Plaintiff's expenses in filing this Motion and assessing the included attorneys' fees in the bill of costs, with the Court in its discretion determining the amount of the attorneys' fees. Those expenses shall be paid by the parties cast in the action as other costs are paid.

WHEREFORE, Plaintiff requests relief as follows:

(a) That Plaintiff be allowed to pay into the registry of this Court the amount of the total $17,578.40; and

(b) That Plaintiff be allowed to pay into the registry of this Court $3,515.68.00 on or before the fifth of each month beginning June 5, 2019 until this Court shall issue a final order in this case; and

(c) That upon payment into the registry of the Court of the mortgage payments, Plaintiff be discharged and relieved of any further liability related to mortgage payments paid into the registry of the Court; and

(d) That each and every Defendant be restrained and enjoined from instituting or enforcing any action against Petitioner in connection with the Security Deed and Loan Agreement including, but not limited to, publishing or conducting a foreclosure sale of the Property; and

(e) That the costs of this action, including attorneys' fees in an amount not less than $1000.00, be charged against and paid from the proceeds paid into the registry of this Court, as required by O.C.G.A. § 23-3-90(b); and

(f) WHEREFORE, Plaintiff Ramiss Properties, LLC prays that judgment be entered in its favor as sought herein, and that Plaintiff have such other and further relief as is just and proper.

Respectfully submitted this 29th day of May 2019.

STEVENS, STEVENS & OLIVER, LLC

*/s/ Andrew M. Stevens*
Andrew M. Stevens
Georgia Bar No. 680632

4167 Roswell Road
Suite A Floor 1
Atlanta, GA 30342
(770) 393-8900
astevens@lawstevens.com
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RAMISS PROPERTIES LLC,                )<br>                                                             )<br>     Plaintiff,                                     )<br>                                                             )<br>     v.                                                 )<br>                                                             )<br>COREVEST AMERICAN FINANCE       )<br>LENDER, LLC f/k/a COLONY AMERICAN )<br>FINANCE LENDER, LLC, and             )<br>CAF 2016-2 REO, LLC,                       )<br>                                                             )<br>     Defendants.                              )<br>_____)  | Civil Action No.<br><br>_____ |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this day served a true and correct copy of the foregoing **Plaintiff's Motion for Interpleader** and **Order** upon all parties by statutory electronic service pursuant to O.C.G.A. 9-11-5 and USPS First Class, proper postage paid addressed as follows:

CoreVest American Finance Lender, LLC
c/o Corporation Service Company
40 Technology Pkwy South, #300
Norcross, GA 30092

CAF 2016-1 REO, LLC
c/o The Corporation Trust Company
1209 Orange St
Wilmington, DE 19801

This 29th day of May 2019.

STEVENS, STEVENS & OLIVER, LLC

/s/ Andrew M. Stevens
Andrew M. Stevens
Georgia Bar No. 680632

4167 Roswell Road, Suite A, Floor 1
Atlanta, GA 30342
(t) 770-393-8900
(f) 770-392-0367
astevens@lawstevens.com
*Attorney for Plaintiff*

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RAMISS PROPERTIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| COREVEST AMERICAN FINANCE ) | |
| LENDER, LLC f/k/a COLONY AMERICAN ) | _____ |
| FINANCE LENDER, LLC, and ) | |
| CAF 2016-2 REO, LLC, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Upon consideration of Plaintiff's Motion for Interpleader, it is hereby ORDERED, ADJUDGED, AND DECREED that the Plaintiff be allowed to pay into the registry of the court the sum of $17,578.40.

Further, it is ORDERED, ADJUDGED, AND DECREED that the Plaintiff be allowed to pay into the registry of the court monthly mortgage payments in the amount of $3,515.68.00 on or before the fifth of each month beginning June 5, 2019 until such time as there is a final order in the above-styled case.

So ordered this _____ day of _____ 2019.

_____
HONORABLE JUDGE

Order Prepared By:

**STEVENS, STEVENS & OLIVER, LLC**
Andrew M. Stevens
Georgia Bar No. 680632
4167 Roswell Road
Suite A Floor 1
Atlanta, GA 30342
(770) 393-8900
astevens@lawstevens.com
*Attorney for Plaintiff*